IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| OFELIA JUAREZ | § | |
|    *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:16-CV-33 |
| | § | |
| SCOTTSDALE INSURANCE COMPANY | § | |
|    *Defendant.* | § | |

## NOTICE OF REMOVAL

Defendant Scottsdale Insurance Company ("Defendant"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the captioned action *Ofelia Juarez v. Scottsdale Insurance Company*; Cause No. 16-03-13652-ZCV, in the 293rd Judicial District of Zavala County, Texas.

### I.  BACKGROUND

1.      Plaintiff Ofelia Juarez initiated the present action by filing their Original Petition in Cause No. 16-03-13652-ZCV, in the 293rd Judicial District of Zavala County, Texas on March 3, 2016. *See* Plaintiff's Original Petition, attached as **Exhibit A**.

2.      Scottsdale filed its Original Answer on March 25, 2016, asserting a general denial to the claims and allegations made in Plaintiff's Original Petition.  *See* Defendant's Original Answer, attached as **Exhibit B**.

3.      Pursuant to 28 USC § 1446(a), all a copy of all process, pleadings, and orders served upon Defendant in the State Court Action not otherwise specifically identified as separate exhibits have are incorporated in **Exhibit A**.

1.      Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiff through her attorney of record, and to the clerk of the 293rd Judicial District Court of Zavala County, Texas.

2.　　　Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1) this Notice of Removal has been timely filed within 30 days of service on Defendant of Plaintiff's Original Petition and less than one year after the commencement of this action.

## II.　　JURISDICTION

3.　　　This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

### A.　　Diversity of Parties

4.　　　Plaintiff is domiciled in Zavala County, Texas.  *See* **Exhibit A**, ¶ 2.　Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiff is a citizen of the State of Texas.

5.　　　Defendant Scottsdale Insurance Company is organized under the laws of Ohio and maintains its principal place of business in Arizona.  Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Defendant is a citizen of the states of Ohio and Arizona.

6.　　　Accordingly, there is complete diversity between the parties pursuant to 28 U.S.C. § 1332(a).

### B.　　Amount in Controversy

1.　　　Plaintiff's Original Petition states that Plaintiff seeks "monetary relief between $200,000 (two-hundred thousand) and $1,000,000.00 (one-million) dollars."　*See* Plaintiff's Original Petition, **Exhibit A**, ¶ 48.　The threshold for diversity jurisdiction, $75,000, is therefore meet by the allegations of Plaintiff's Original Petition.

2.　　　Plaintiff further seeks compensation for (1) actual damages, (2) treble damages, (3) 18% penalty interest attorney's fees, (4) mental anguish damages, (6) pre and post-judgment interest,

and (7) attorney's fees.  *See* **Exhibit A, ¶¶** 37-47.  Plaintiff has alleged that Defendant's conduct was wrongful and done knowingly, entitling her to a trebling of actual damages under Texas Insurance Code Chapter 541.  *See* **Exhibit A, ¶** 36; Tex. Ins. Code sections 541.002 & 541.152. Penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[1]

3.      The amount in controversy plainly exceeds $75,000, exclusive of interest and costs. *See* **Exhibit A**.  Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

## III.
## CONCLUSION

4.      Removal of this action under 28 U.S.C. § 1441(b) is proper as the District Courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been meet.

5.      WHEREFORE, Defendant Scottsdale Insurance Company hereby provides notice that this action is duly removed.

*(Signature on following page)*

---

[1]      *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
pkemp@smsm.com
Robert G. Wall
Texas Bar No. 24072411
rwall@smsm.com
Segal McCambridge Singer and Mahoney
100 Congress Ave., Suite 800
Austin, Texas 78701
Telephone:  (512) 476-7834
Facsimile:    (512) 476-7832

**ATTORNEYS FOR DEFENDANT
SCOTTSDALE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served via certified mail, return receipt requested on this the 25th day of March, 2016 to:

Larry W. Lawrence, Jr.                              *9414 7266 9904 2061 9248 56*
Michael Lawrence
Lawrence Law Firm
3112 Windsor Road, Suite A234
Austin, Texas 78703
lawrencefirm@gmail.com

Dan Cartwright                                      *9414 7266 9904 2061 9248 63*
Lory Sopchak
Cartwright Law Firm, LLP
1300 Post Oak Blvd., Suite 760
Houston, Texas 77056
lory@dcartwrightlaw.net

*/s/ Patrick M. Kemp*
Patrick M. Kemp